No. 21,011.

HENRY W. WACKER, *Appellee*, v. MARK V. HESTER, *Appellant*,

SYLLABUS BY THE COURT.

REAL-ESTATE AGENT — *Purchaser Found — Contract Made — Commission Earned.*   Rule followed, that a real-estate agent has earned his commission when he procures a purchaser ready, willing, and able to buy upon terms which the owner has accepted or agreed to accept.

Appeal from Kiowa district court; LITTLETON M. DAY, judge.   Opinion filed April 6, 1918.   Affirmed.

*R. F. Crick,* of Pratt, for the appellant.

*John W. Davis,* of Greensburg, for the appellee.

The opinion of the court was delivered by

PORTER, J.:   This is an appeal from a judgment against the defendant for a real-estate agent's commission.

The defendant, who resides in California, owned a farm in Kansas, which he listed with plaintiff for sale, fixing the price at $21,000, subject to a mortgage of $7,500.   On January 15, 1915, the plaintiff sent him the following telegram:

"Offered nineteen thousand dollars for land south of Joy.   All cash except mortgage.   Possession August first.   Commission two hundred dollars.   Wire answer my expense."

The defendant replied by wire refusing to take less than the original offer.   The plaintiff then wrote him at length, advising that he accept the offer and asking him to reconsider and wire authority to let the land go at $19,000.   He received the following telegram in answer:

"Yes will sell nineteen thousand cash less seven thousand seven hundred.   Mills lease is subject to sale possession any time.   Buyer to settle with him. · Three arbitrators if necessary.   He is advised not to interfere again.   He wrote he had done so.   Send deed."

The plaintiff thereupon signed a sale contract with the purchaser, which he sent to the defendant January 27, and a few days later forwarded a deed for execution.   On February 13, the defendant wired the plaintiff, "Sale off.   Telegram offer and sale contract are very different"; to which the plaintiff replied by a telegram, insisting upon the contract being carried

out and upon his right to a commission. It appears that the party who agreed to purchase the land brought a suit against the defendant for specific performance of the contract, but failed to recover because of the lack of authority of the agent to execute a written contract binding the defendant. It developed on the trial of this case that a short time before the defendant sent the telegram declaring the transaction off he had received an offer of $20,000 for the land. There was no substantial conflict in the evidence. The court found that the only objection the defendant made to completing the contract was that stated in his telegram, and that other grounds urged at the trial were therefore waived. The court found also that the telegram of January 27 fixed the terms of the sale and authorized the purchaser to make settlement with defendant's tenant. There is no ambiguity in the contract embraced in this telegram and the reply thereto, and the court properly determined the meaning of the writings. The fact that the land had been leased to a tenant prior to the date it was listed with the plaintiff was fully known on both sides, and the reply which the defendant sent to the telegram authorized the buyer to settle with the tenant. It is useless to contend that the contract made by defendant's agent did not comply with the original terms upon which the property was listed. The plaintiff found a purchaser who was ready, willing, and able to buy upon the terms which the owner accepted in the subsequent contract, and that is all he was required to do to earn his commission.

The judgment is affirmed.