No. 25,469.

STEWART T. FREDERICK, *Appellee,* v. BEN NEIBERLINE, *Appellant.*

SYLLABUS BY THE COURT.

1. REAL-ESTATE AGENT—*Action for Commission—Petition States Cause of Action.* The petition stated a cause of action for a real-estate agent's commission on the exchange of land.

2. SAME—*Exchange of Real Estate—Whether Agent Was the Procuring Cause of the Exchange—Question of Fact for Jury.* In an action by a real-estate agent to recover commission for the exchange of land, where the principal question on the trial was who was the procuring cause of the exchange, the determination of that question by the jury from the evidence, when properly instructed, and if supported by evidence is conclusive on appeal to the supreme court.

Appeal from Barton district court; CLYDE R. DOUGLASS, judge. Opinion filed November 8, 1924. Affirmed.

*R. C. Russell,* of Great Bend, for the appellant.

*D. A. Banta,* of Great Bend, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against him for real-estate agent's commission on the exchange of real property.

A demurrer to the petition was overruled, as was also a demurrer to the evidence of the plaintiff. The defendant argues that both demurrers should have been sustained, and that there was not sufficient evidence to support the verdict of the jury.

1. The petition alleged that the plaintiff was engaged in the real-estate business at Claflin; that the defendant owned certain land; that he authorized the plaintiff to exchange the land of the former for other land; that the plaintiff negotiated with Martin & Son, real-estate agents at Sterling, asking for land to be exchanged; that an attempt to exchange the land of the defendant for land in Pawnee county was made through Martin & Son, but the attempt failed because the land offered was not satisfactory to the defendant; that the plaintiff then authorized Martin & Son to procure other land to be exchanged for the land of the defendant; that other land was procured; that an exchange was made, and that the commission earned by the plaintiff had not been paid.

Frederick v. Neiberline.

It is not pointed out what other allegation was necessary to be set out in the petition in order for it to state a cause of action. Everything that was necessary to entitle the plaintiff to recover his commission was alleged. It follows that the petition stated a cause of action and that the demurrer to the petition was properly overruled.

2. The order overruling the demurrer of the defendant to the evidence of the plaintiff and the sufficiency of the evidence to sustain the verdict in favor of the plaintiff present a different question. An examination of the evidence is necessary.

The plaintiff on his direct examination testified:

"That Neiberline and Martin made arrangements to go back another day and inspect other land, and an arrangement was made that Martin was to go on and effect a deal if he could, providing he could find land that would suit Neiberline; that later a deal was made between Mr. Martin and Mr. Neiberline for an exchange of lands."

On his cross-examination he testified:

"That Mr. Martin is a real-estate man living in Sterling, Kan.; that appellee took Mr. Martin and went up to inspect the farm of appellant and appellee, and appellant went to Pawnee county; that they looked over some land in Pawnee county that Mr. Martin had listed for sale; that no deal was made, and parties all returned to Great Bend and appellee took appellant back home; that appellee never had any conversation with appellant from that time until after the appellant finally made a trade for some other land with Mr. Martin; that on the trip to Pawnee county appellee and Mr. Martin showed the appellant two half sections of land, but that neither of those deals went through; that appellee had no lands listed in Pawnee county and that the lands shown to appellant were lands listed with Mr. Martin; that appellee did not know whether Mr. Martin had the land listed for sale that appellant finally obtained, and that he, appellant, had nothing whatever to do with the listing of any Pawnee county land.

"Q. Now what, if anything, did you have to do with the consummation or putting through with the deal that Neiberline finally accepted? A. After I showed Mr. Neiberline's place I paid no more attention to it, because that was Mr. Martin's business to show the other."

S. M. Martin, one of the real-estate agents at Sterling, testified as follows:

"That he lived in Sterling, Kan., and was in the real-estate business about twelve years; acquainted with the parties to this action; that he saw Mr. Frederick in Sterling; that about two weeks later he went with appellee to appellant's farm and all the parties then drove to Pawnee county and looked at two half sections of land that he, Martin, had listed for sale and exchange at that time; that after looking over the land they failed to complete a sale on

either and came back to Great Bend and separated; in about 13 or 14 days he called Neiberline and told him that he now had a half section listed and thought they might make an exchange, and made arrangements with him to meet him in Great Bend to go and look at the farm, and after looking at the farm made the exchange; that when the deal was completed appellant asked him if he owed him a commission and he said no; that the usual commission was 5% on the first $1,000 and 2½% thereafter; that the reasonable value of appellant's farm was $12,400, and that he had never known appellant until he was introduced to him by appellee. . . ."

### On cross-examination Martin testified as follows:

"That while he and appellant were together appellant said to him that he would give him two or three weeks to find him a farm in Pawnee county for exchange for his farm; that the appellee had nothing to do with the trade and exchange of appellant's farm for the land in Pawnee county; that he, Martin, made the deal himself some three weeks later."

### The defendant on his direct examination testified:

"That he had talked to him [plaintiff] about trading his [defendant's] farm in Barton county for some land near Macksville; that later appellee phoned to him and asked whether or not he would trade for some land south of Larned; that he went out to see the land in Pawnee county with his son-in-law and Mr. Martin; that they looked at two pieces of land and returned to Great Bend and then went home; he had no further conversation with appellee about any further deals and had never had any further conversation with the appellee about any further deals until about six or seven weeks after the trading had been made; that about ten days after he had made the trip to Pawnee county Mr. Martin called him up and asked him whether or not he was going to make a deal and he told him no, and that appellant asked him whether or not he had anything he could show him and he said no, but he would look around and see what he could do, and later he called and asked appellant to come to Great Bend about a week or ten days later; that he went with Martin to Pawnee county and exchanged his Barton county property for Pawnee county land; that he did not trade for any land that Mr. Frederick, the appellee, had shown him and that it was not land that Mr. Martin owned personally."

### On cross-examination the defendant testified:

"That he had known appellee about a year; that he did not know what business he was engaged in; that he told him at Macksville that he would like to trade for some land near Macksville; that two or three months after that appellee and Mr. Martin came to appellant's home in Barton county, and that he had never seen Mr. Martin before that time and that he was introduced to Mr. Martin by the appellee; that Martin looked his farm over and that arrangements were made to go to Pawnee county; that he and appellee and Martin went to Pawnee county and looked over two pieces of land; that neither of them suited him; that they all came back to Great Bend, at which time he told Mr. Martin that he would give him two or three weeks to find

Frederick v. Neiberline.

some land that was suitable and that he would trade for some land in Pawnee county; that he rode home from Great Bend with Mr. Frederick; that he never recognized any liability to appellee for a commission; that he asked Mr. Martin whether or not he owed him anything, because he dealt with him, and Mr. Martin told him he did not own him anything; that he valued his Barton county land at $14,000."

The evidence established that the plaintiff authorized Martin & Son to find land to be exchanged for the land of the defendant; that the first effort of Martin & Son to bring about an exchange of land failed; that the defendant gave them further time in which to find other land to be offered in exchange; that other land was found and offered; and that an exchange was made.

The controlling question in the case is, Was the plaintiff the procuring cause of the exchange of land? That is a question of fact, not a question of law. It is a question that must be determined from the evidence. Ordinarily it is not a fact that can be established by direct testimony, but is an inference of fact to be drawn from other facts proved. From the evidence the jury, under proper instructions on that question, concluded that the plaintiff was the procuring cause of the exchange of land. That conclusion was approved by the court, was justified by the evidence, and is binding on this court.

That brings this case within the rule often declared in this court, that "a real-estate agent has earned his commission when he procures a purchaser ready, willing and able to buy upon the terms which the owner has accepted or agreed to accept." (*Wacker v. Hester*, 102 Kan. 710, 171 Pac. 1151.)

The defendant cites *Latshaw v. Moore*, 53 Kan. 234, 36 Pac. 342. The court there said:

"Real-estate brokers employed to procure a purchaser or a trade for property for a specified commission are not entitled to recover the commission agreed upon unless they were the primary, proximate and procuring cause of the sale or exchange which was made."

The rule there declared does not differ from the rule that a real-estate agent who is the proximate and procuring cause of a sale is entitled to his commission.

The judgment is affirmed.